```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLAN EKA, on behalf of himself
and other similarly situated
individuals,
                                        MEMORANDUM & ORDER
            Plaintiff,                  15-CV-4542 (KAM)(MDG)

    -against-

BROOKDALE HOSPITAL MEDICAL CENTER,

            Defendant.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Allan Eka brings this action against Brookdale Hospital Medical Center ("Brookdale") alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF No. 8, Amended Complaint.)

Before the court on *de novo* review of a Report and Recommendation of the Honorable Marilyn D. Go is Brookdale's motion to dismiss plaintiff's NYLL claim and to compel grievance, mediation, and arbitration of all claims in the Amended Complaint. (ECF No. 15, Notice of Motion to Dismiss dated 2/5/16.) Magistrate Judge Go issued a Report and Recommendation ("R&R") on September 2, 2016 recommending that the court grant Brookdale's motion to dismiss plaintiff's NYLL claim and compel grievance procedures, and dismiss plaintiff's FLSA claim without prejudice. (ECF No. 22, R&R dated 9/2/16.) Plaintiff timely filed an objection to the R&R (ECF No. 23,

Objection to R&R ("Pl. Obj.") dated 9/16/16), to which Brookdale responded. (ECF No. 24, Response in Opposition dated 9/23/16.) Having undertaken a *de novo* review of the full record in light of plaintiff's written objection, the court respectfully denies plaintiff's objection, incorporates the R&R by reference, and adopts it in its entirety.

**STANDARD OF REVIEW**

To the extent that a party makes specific and timely objections to a magistrate's findings, the court must apply a *de novo* standard of review. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); 28 U.S.C. § 636(b)(1)(C). After such review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

The factual background of this matter is comprehensively set forth in Judge Go's R&R. (R&R at 3-5.) Plaintiff does not object to the facts as recited in the R&R, which relied in part on facts alleged in the original complaint filed in this action. (*See* ECF No. 1-2, Complaint ("Compl.") dated 7/16/15.)

Plaintiff submits two objections to the R&R. First, plaintiff contends that the R&R incorrectly concluded that plaintiff's claims require interpretation of the collective

2

bargaining agreement ("CBA") that governs the terms of employment of plaintiff and other similarly situated Brookdale employees. (Pl. Obj. at 3.) Specifically, plaintiff argues that his "proper" rate of regular and overtime pay can be determined without reference to the CBA by comparing plaintiff's 2014 Pay Notice and Acknowledgment of Pay Rate (ECF No. 18-2) to plaintiff's pay stubs. Whether plaintiff's "proper" rate of pay can be determined without reference to the CBA is a critical threshold issue in this action because, as both parties agree, Section 301 of the Labor-Management Relations Act preempts state law claims if determination of an employee's rights requires interpretation of a CBA. (Pl. Obj. at 3.)

Second, plaintiff objects to the R&R's determination that plaintiff is required to exhaust the CBA's compulsory grievance procedure before litigating his claims. (*Id.* at 4-5.) Plaintiff argues that the CBA does not require exhaustion of the CBA's remedies because plaintiff's statutory claims do not fall within the scope of those procedures. (*Id.* at 5.)

The court has considered the foregoing objections and undertaken a *de novo* review of the R&R, the underlying pleadings and submissions, and the factual record upon which they are based. Having conducted such review, and upon careful consideration of the parties' objections, the objections are overruled. This court, concurring with Judge Go in all material

3

respects, hereby adopts in its entirety the rationale articulated in the well-reasoned R&R, which embodies a correctly-grounded analysis of the record and legal authorities.

Specifically, with regard to plaintiff's first objection, the court agrees with and adopts Judge Go's finding that resolution of plaintiff's claim that he was not paid the "proper" rate of pay for regular and overtime work depends entirely on interpretation of the CBA. The Amended Complaint fails to allege how plaintiff's wages were unlawfully "withheld" or what plaintiff's "proper" rate of pay should be.[1] The only way to determine plaintiff's "proper" rate of pay is by referencing and interpreting the CBA. Under the terms and conditions of the CBA, employees who worked "Shift 2" between 4:00 p.m. and 12:00 a.m. were entitled to a 10% "shift differential" pay increase. Plaintiff's NYLL claim arises out of Brookdale's alleged failure to pay him the 10% "shift differential" increase for "Shift 1" and "Shift 2" on days when he worked back-to-back shifts. (*See* Compl. ¶¶ 26-28.)

---

[1] As discussed in the R&R, after Brookdale sought leave to move to dismiss the original complaint on the basis of LMRA preemption, plaintiff amended his complaint to eliminate references to the CBA and other highly relevant factual allegations. (*See* R&R at 3 n.2.) The R&R considered allegations contained in the original verified complaint because they were necessary to understand the factual basis of plaintiff's claim, and because plaintiff had not disavowed those allegations. (*Id.*) Plaintiff has not objected to Judge Go's consideration of facts alleged in the original verified complaint, and the court finds that the allegations were properly considered. *See DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 546 (E.D.N.Y. 2011) ("[P]laintiffs cannot avoid LMRA preemption merely by 'artfully pleading' their complaint to avoid mention of the CBAs.").

4

Plaintiff's alleged right to a shift differential, however, does not originate from state law, but instead is provided in the CBA. Brookdale disputes that plaintiff is entitled to a shift differential increase for "Shift 1" when he worked consecutive shifts. As Judge Go correctly concluded, resolving this dispute requires interpreting the terms and conditions of the CBA. Because Section 301 of the Labor-Management Relations Act preempts state law claims that require interpretation of a CBA, plaintiff's NYLL claim must be dismissed.

Plaintiff next contends that exhaustion of remedies provided for in the CBA is not necessary because the CBA does not clearly and unmistakably require plaintiff to grieve, mediate, or arbitrate his claims. (Pl. Obj. at 4-5.) Article XXXI of the CBA states in mandatory language that a grievance "shall be processed and disposed of" pursuant to the three-step protocol set forth in that section. (ECF No. 23-3, Collective Bargaining Agreement, at 26.) In turn, any disputes involving interpretation of the CBA "may" be referred to mediation and arbitration if not resolved during the three-step mandatory grievance process. (*Id.* at 28, 79-80.) It is undisputed that plaintiff did not commence, let alone exhaust, any grievance procedures outlined in the CBA before filing this action. As correctly stated in the R&R, "whether the [p]laintiff was required to exhaust the grievance procedures prior to bringing

5

the instant lawsuit, and therefore whether he has stated a claim under Rule 12(b)(6), hinges on whether his claim is solely based on the statute, or whether it also requires interpretation of the CBA." (R&R at 16) (quoting *Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 379 (E.D.N.Y. 2011)). For the reasons discussed herein and in the R&R, plaintiff's NYLL claim requires interpretation of the CBA to determine whether plaintiff was entitled to a shift differential pay increase for "Shift 1" and "Shift 2" when he worked consecutive shifts. Accordingly, plaintiff must exhaust grievance procedures under the CBA before proceeding with his claims. Defendant's motion to compel submission to mediation and arbitration is denied as premature because, as explained in the R&R, mediation and arbitration procedures are only available after a dispute is not resolved through the CBA's three-step grievance process.

Finally, although not specifically objected to by plaintiff, the court agrees with and adopts Judge Go's recommendation to dismiss rather than stay plaintiff's FLSA claim because it is not ripe for adjudication at this time.

## CONCLUSION

For the reasons set forth herein, Judge Go's Report and Recommendation is incorporated by reference and adopted in its entirety. Plaintiff's objections are respectfully denied. Accordingly, defendant's motion to dismiss plaintiff's NYLL

6

claim and compel grievance is granted.  Defendant's motion to compel arbitration and mediation is denied without prejudice.  The court dismisses plaintiff's FLSA claim without prejudice because it is not ripe for adjudication.  The Clerk of Court is respectfully requested to enter judgment in favor of defendant and close this case.

**SO ORDERED.**

Dated:   September 30, 2016
         Brooklyn, New York

                                      _____/s/_____
                                      KIYO A. MATSUMOTO
                                      United States District Judge
                                      Eastern District of New York